**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SAMANTHA JONES,<br>on behalf of plaintiff herself and a class, | ) )<br>)<br> |
| Plaintiff, | )<br>) |
| vs. | )<br>) |
| GLASS MOUNTAIN CAPITAL LLC,<br>d/b/a GMC CREDIT SERVICES, | )<br>)<br>) |
| Defendant. | )<br>) |

## COMPLAINT  – CLASS ACTION

### INTRODUCTION

1.       Plaintiff Samantha Jones brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Glass Mountain Capital LLC, d/b/a GMC Credit Services.   Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA")

2.       The TCPA restricts the use of automated equipment to dial cellular telephones.  Defendant did not comply with this law.

3.       The FDCPA generally prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements in connection with the collection of a debt.  It also requires debt collectors to give debtors certain information.  15 U.S.C. §§1692d, 1692e, 1692f and 1692g.  Defendant did not comply with this law.

### VENUE AND JURISDICTION

4.       This Court has jurisdiction under 28  U.S.C. §§1331, 1337 and 1367, and also under 15 U.S.C. §1692k.

5.       Venue and personal jurisdiction in this District are proper because:

    a.        Defendant's collection communications were received by plaintiff within this District; and

    b.        Defendant transacts business within this District.

## PARTIES

6.    Plaintiff Samantha Jones is an individual who resides in the Northern District of Illinois.

7.    Defendant Glass Mountain Capital LLC, d/b/a GMC Credit Services ("GMC") is a limited liability company chartered under Delaware law with offices at 1930 Thoreau Drive, Suite 100, Schaumburg, IL 60173. Its registered agent and office is National Registered Agents, Inc., 200 W. Adams St., Chicago, IL 60606.

8.    GMC is engaged in the business of a debt collector, using the mails and telephone to collect consumer debts originally owed to others.

9.    GMC is a debt collector as defined in the FDCPA.

10.    GMC holds a collection agency license from the State of Illinois.

11.    GMC states on its website: "Headquartered in Schaumburg, Illinois, GMC collects upon distressed consumer assets. GMC's experienced management team combines technology, creativity and motivated employees to construct client-driven recovery solutions. Whether working as a first-party debt collector or as a third-party contingency collections agency, the management team at Glass Mountain Capital has the solution to your collections maze." (http://www.glassmountaincapital.com/about.html)

12.    GMC employs predictive dialers in collecting debts. Its website states: "GMC harnesses the latest technologies to ensure efficient collections and data security. As we're continuously testing new platforms, we'd be happy to discuss our experience in predictive dialing, online and batch skip tracing, data encryption methods, scoring and more." (http://www.glassmountaincapital.com/collections.html)

2

## FACTS

13.     GMC has been attempting to collect from plaintiff an alleged credit card debt incurred for personal, family or household purposes and not for business purposes.

14.     During March 2011, plaintiff received a series of automated telephone messages on her cell phone from defendant, using the number 847-348-8160.

15.     The 847-348-8160 number is issued to defendant.

16.     The calls were placed using predictive dialers, and utilized recorded messages.  Two of these calls were recorded on plaintiff's voicemail machine.

17.     At the beginning of one recorded message, recorded instrumental music was played at the beginning of the message, for approximately 25 seconds.  The call was then connected to a collector's line.  However, all that could be heard after the call was connected, until the end of the phone call, was indistinct chatter and noise in the background from what, on information and belief, was a call center.

18.     At the beginning of a second recorded message, the same recorded instrumental music was played, for approximately 50 seconds.  This call was not connected to a collector's line; the call simply ended after the music played.

19.     Predictive dialers place calls without human intervention until a connection is made, in which case the dialers attempt to connect the recipient with a debt collector.

20.     Plaintiff did not authorize the automated placement of calls to her cell phone.

21.     Plaintiff did not furnish her cell phone number to defendant or the putative creditor.

22.     Plaintiff and each class member is entitled to statutory damages.

23.     Defendants violated the TCPA even if their actions were only negligent.

24.     Defendants should be enjoined from committing similar violations in the

future.

## COUNT I – TCPA – CLASS CLAIM

25.     Plaintiff incorporates paragraphs 1-24.

26.     47 U.S.C. §227(b) provides:

**(1)     Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States –**

> **(A)     to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice –**
>
> > **(iii)     to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call....**

27.     47 U.S.C. §227(b)(3) provides:

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State –**

> **(A)     an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
>
> **(B)     an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**
>
> **(C)     both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

28.     Defendant violated the TCPA by placing automated calls to plaintiff's cell phone.

## CLASS ALLEGATIONS

29.     Plaintiff brings this claim on behalf of a class, consisting of (a) all persons

4

with cellular numbers in the Illinois area codes (217, 224, 309, 312, 331, 464, 618, 630, 708, 773, 779, 815, 847, or 872) (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), and on or before a date 20 days following the filing of this action, (c) received automated calls from defendant (d) where defendant's records do not show that the person provided the number to the defendant or the original creditor (for example, where the number was obtained through skip tracing or captured by the defendant's equipment from an inbound call).

30.     The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

31.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a.     Whether defendants engaged in a pattern of using automated equipment to place calls to cellular telephones;

    b.     The manner in which defendants obtained the cell phone numbers; and

    c.     Whether defendants thereby violated the TCPA;

32.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

33.     A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

34.     Several courts have certified class actions under the TCPA. Balbarin v.

North Star Capital Acquisition, LLC, 10 C 1846, 2011 U.S. Dist. LEXIS 686 (N.D.Ill., January 5, 2011) (cell phone); Mitchem v. Illinois Collection Serv., 09 C 7274, 2011 U.S. Dist. LEXIS 714 (N.D.Ill., January 3, 2011) (cell phone); Sadowski v. Med1 Online, LLC, 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008) (fax); Hinman v. M & M Rental Ctr., 06 C 1156, 2008 U.S. Dist. LEXIS 27835 (N.D.Ill., April 7, 2008) (fax); Kavu, Inc. v. Omnipak Corp., 246 F.R.D. 642 (W.D.Wash. 2007) (fax); Gortho, Ltd., v. Websolv, 03 CH 15615 (Cir. Ct. Cook Co., March 6, 2008) (fax); Travel 100 Group, Inc. v. Empire Cooler Service, Inc., 03 CH 14510, 2004 WL 3105679 (Cook Co. Cir. Ct., Oct. 19, 2004) (fax); Rawson v. C.P. Partners LLC, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005) (fax); Lampkin v. GGH, Inc., 146 P.3d 847 (Okla. Ct. App. 2006) (fax); Display South, Inc. v. Express Computer Supply, Inc., 961 So.2d 451, 455 (La. App. 1st Cir. 2007) (fax); Display South, Inc. v. Graphics House Sports Promotions, Inc., 992 So. 2d 510 (La. App. 1st Cir. 2008) (fax); ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc., 203 Ariz. (App.) 94, 50 P.3d 844 (2002) (fax); Core Funding Group, LLC v. Young, 792 N.E.2d 547 (Ind.App. 2003) (fax); Nicholson v. Hooters of Augusta, Inc., 245 Ga.App. 363, 537 S.E.2d 468 (2000) (fax).

      35.    Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

      WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

      (1)    Statutory damages;

      (2)    An injunction against further violations;

      (3)    Costs of suit; and

      (4)    Such other or further relief as the Court deems just and proper.

## COUNT II – FDCPA – INDIVIDUAL CLAIM

      36.    Plaintiff incorporates paragraphs 1-24.

37.     Given the content of the phone calls, defendant did not comply with 15 U.S.C. §1692e(11), which requires that

> **a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section... the failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.**

38.     The same conduct also violates 15 U.S.C. §1692d(6):

> **A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.... except as provided in [15 U.S.C. §1692b], the placement of telephone calls without meaningful disclosure of the caller's identity.**

The exception provided by 15 U.S.C. §1692b deals with "communicating with any person other than the consumer for the purpose of acquiring location information about the consumer," and requires that the caller identify himself.  15 U.S.C. §1692b(1).  Thus, this exception to 15 U.S.C. §1692d(6) does not apply here.

39.     Furthermore, plaintiff has not received any documents from defendant, in writing.  She specifically has not received the notice required by 15 U.S.C. §1692g(a):

> **Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –**
>
> **(1)     the amount of the debt;**
>
> **(2)     the name of the creditor to whom the debt is owed;**
>
> **(3)     a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**
>
> **(4)     a statement that if the consumer notifies the debt collector in**

7

**writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**

**(5)** **a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendant for:

(1)    Statutory damages;

(2)    Attorney's fees, litigation expenses and costs of suit; and

(3)    Such other or further relief as the Court deems just and proper.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
    & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\25485\Pleading\Complaint_Pleading.wpd

9